UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

**JUDGE McMAHON**

**07 CIV 6389**

RAFAEL SANTIAGO,

                Plaintiff,

- against –

THE CITY OF NEW YORK, POLICE OFFICER
JOSEPH PETRILLO [Shield No. 7669] SGT. "JOHN"
MURPHY [Shield No. Unknown] and POLICE OFFICERS
JOHN DOES 1-4 in their individual and official capacities
as Police Officers employed by the City of New York,

                Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**



RECEIVED
JUL 13 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, by his attorney, ANDREW F. PLASSE, P.C., as and for his Complaint, hereby alleges and shows to the Court the following:

      1. Plaintiff Rafael Santiago hereby brings this action against the City of New York, Police Officer Joseph Petrillo [Shield No. 7669], Sgt. "John" Murphy and Police Officers John Does 1-4 in their individual and official capacities as Police Officers employed by the City of New York for damages arising out of unconstitutional policies and actions arising out of an alleged excessive use of force, which occurred on March 15, 2007.

      2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

3. At the time of the incident herein, plaintiff was a resident at 58 Marble Hill Ave., Bronx, NY 10463. Each defendant is a citizen of the State of New York. The amount in controversy exceeds the sum of Fifty Thousand [$50,000.00] Dollars, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. 1381.

6. At all times hereinafter mentioned the defendants Police Officer Petrillo, Sgt. Murphy, and Police Officers John Does 1-4 were employed as New York City Police Officers and resided in the State of New York. The designation Sgt. "John" Murphy indicates that the first name of the defendant is unknown. The designation "John Doe" indicates that the entire name of an individual defendant is unknown.

7. Upon information and belief, defendant City of New York was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

8. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Police Department by charter, or by law, under provisions of the State and/or City of New York

9. That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by delivering a copy thereof to the Office of the Corporation Counsel of the City of New York, on June 12, 2007, which said Notice of claim set forth the name and post office

address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; that plaintiff was duly noticed and appeared at a 50-h hearing on July 11, 2007; and that this action is being commenced within one year after the happening of the event upon which this claim is based.

10. At the time of the alleged incident and at all times pertinent hereto, the defendants Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4 acted under color of State Law or a statute, ordinance, regulation or custom.

## STATEMENT OF FACTS

11. On March 15, 2007, at approximately 4:30 a.m., the Plaintiff was in a holding cell at the Fifty Second [52nd] Precinct, 3016 Webster Ave., Bronx, NY, more particularly in the side holding cell.

12. At the aforesaid date, time and place, plaintiff was sleeping.

13. Plaintiff was awakened when defendants Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4 entered his holding cell. They commenced to assault and batter the plaintiff, with physical and electronic force, which was totally unjustified under the circumstances.

14. Defendants assaulted and battered the plaintiff causing him to sustain severe personal injuries.

15. Plaintiff was maced by the defendants causing him to sustain eye injuries.

16. Plaintiff was repeatedly struck by Tasers and/or other electronic devices causing his back to sustain severe burns marks and permanent scarring, along with neurological, psychological and other personal injuries.

17. That as a result of the foregoing, plaintiff sustained severe personal injuries.

### PLAINTIFF'S CLAIM.

18. Upon information and belief, Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4, acted with actual malice toward the plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff

19. Upon information and belief, the actions taken as aforesaid by Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4 constituted excessive use of force, an unreasonable search and seizure and deprivation of liberty without due process of law.

20. Upon information and belief, the conduct of defendants Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4 violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICER PETRILLO, SGT. MURPHY AND POLICE OFFICERS "JOHN DOES 1-4", JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-20" AND FURTHER ALLEGES AS FOLLOWS:**

21. Upon information and belief, the actions taken as aforesaid by Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4, constituted excessive force, an unreasonable search and seizure in violation of the Fourth Amendment and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

22. Upon information and belief, Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4 acted with actual malice toward the Plaintiff and with willful and

wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

23. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

24. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-24" AND FURTHER ALLEGES AS FOLLOWS:**

25. Upon information and belief, the actions taken as aforesaid by Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4, constituted excessive force, an unreasonable search and seizure and deprivation of liberty without due process of law.

26. Upon information and belief, at all times pertinent hereto, New York City has permitted and tolerated a pattern and practice of excessive force, unreasonable search and seizures, denial of prompt medical treatment, and deprivations of liberty without due process of law by its Police Officers.

27. Upon information and belief, the City of New York has maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and

which permits and tolerates the excessive force, unreasonable search and seizures and deprivations of liberty without due process of law by Police Officers.

28. At all times pertinent hereto, Police Officer Petrillo, Sgt. Murphy and Police Officers "John Does 1-4" were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, or the affirmative link behind the conduct causing the plaintiff's injuries.

29. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4.

30. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

31. That the employees of the defendant as aforesaid jointly and severally assaulted and battered the plaintiff causing him to sustain severe personal injuries.

32. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-32" AND FURTHER ALLEGES AS FOLLOWS:**

33. New York City owed a duty to Plaintiff to train and supervise and otherwise control its Police Officers in the proper methods of arrest incidental to this matter, and in the course of their Police functions. New York City failed to provide adequate training, supervision and control for the Police Officers involved herein, and said failure constitutes negligence.

34. As a proximate result of the City of New York's negligence to provide adequate training, supervision and control of the Police Officers involved herein, Plaintiff has sustained personal injuries.

35. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4 in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

II. Judgment on the First Cause of Action against the City of New York in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

III. Judgment on the Second Cause of Action against the City of New York in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

IV. Judgment on the Third Cause of Action against the City of New York in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

V. Judgment for Punitive Damages against defendants Police Officer Petrillo, Sgt. Murphy and Police Officers John Does 1-4 in the amount of TEN MILLION [$10,000,000.00] DOLLARS;

VI. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   July 12, 2007
         New York, New York

*[signature]*

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 402
New York, NY 10001
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

*[signature]*

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 402
New York, NY 10001
[212] 695-5811