

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07
```

```
RECEIVED
AUG 13 2007
CHAMBERS OF
COLLEEN McMAHON
```

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CRAIG HANLON**
*Assistant Corporation Counsel*
Tel: (212) 788-1580
Fax: (212) 788-9776

# MEMO ENDORSED

August 9, 2007

**VIA HAND DELIVERY**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

8/14/07 Granted further [illegible signature]

Re: Santiago v. City of New York, et al., 07 CV 6389 (CM)

Your Honor:

    I am the Assistant Corporation Counsel assigned to the defense of this matter on behalf of the City of New York. In his complaint, plaintiff Rafael Santiago alleges that New York City Police Officers assaulted and battered him. Defendant requests that its time to answer, move or otherwise respond to the complaint be extended from the current due date of August 13, 2007 to October 12, 2007. <u>We contacted plaintiff's counsel and he consents to this request.</u>

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law section 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed records so that defendant can access the information, properly assess the case, and respond to the complaint. Furthermore, because plaintiff has alleged injuries as a result of the events complained of, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident, so that defendant can properly assess the case and respond to the complaint.

    In addition, an enlargement of time is necessary to resolve representational issues. In addition to the City of New York, plaintiff names Police Officer Joseph Petrillo and Sgt. "John" Murphy as defendants. Pursuant to Section 50-K of the New York General Municipal Law, the Corporation Counsel's office must determine based on a review of the facts of the case whether we may represent these individuals. Officer Petrillo and Sgt. Murphy must then decide whether they wish to be represented by the Corporation Counsel and if so, the Corporation Counsel's office must obtain their written

authorization. Accordingly, we also request an enlargement of time on behalf of Officer Petrillo and Sgt. Murphy to resolve representation issues and facilitate the submission of a joint response on behalf of all defendants.

No previous request for an extension has been made by defendant. Thank you for your consideration of this request.

Respectfully submitted,

Craig Hanlon (CH 5679)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Andrew F. Plasse, Esq.
Attorney for Plaintiff
352 Seventh Ave.
Suite 402
New York, NY 10007