UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RAFAEL SANTIAGO,

                                                                Plaintiff,

**DEFENDANTS' ANSWER TO THE COMPLAINT**

-against-

07 CV 6389 (CM)

THE CITY OF NEW YORK POLICE OFFICER JOSEPH
PETRILLO [SHIELD NO. 7669], SGT. "JOHN" MURPHY
[Shield No. Unknown] and POLICE OFFICERS JOHN DOES 1
– 4 in their individual and official capacities as Police Officers
employed by the City of New York,

JURY TRIAL DEMANDED

                                                        Defendants.

Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as set forth therein.

       3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint with respect to plaintiff's residence, admits that defendants are citizens of the State of New York and denies that the amount in controversy exceeds Fifty Thousand [$50,000] Dollars, exclusive of interest and costs.

       4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this court as set forth therein.

       5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to lay venue as set forth therein.

6. Denies the allegations as set forth in paragraph "6" of the complaint, except admits that Sgt. Harold Murphy[1] was employed by the City of New York as a Police Detective.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and Administrative Code for the relationship between defendant City and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

10. State that paragraph "10" contains conclusions of law to which no response is required. To the extent a response is required, denies all such allegations.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that on March 15, 2007 at approximately 4:30 a.m., plaintiff was in a holding cell at the Fifty Second Precinct, 3016 Webster Ave., Bronx, NY.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

---

[1] Sued herein as Sgt. "John" Murphy.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint,.

19. Denies the allegations as set forth in paragraph "19" of the complaint.

20. Denies the allegations as set forth in paragraph "20" of the complaint.

21. Denies the allegations as set forth in paragraph "21" of the complaint.

22. Denies the allegations as set forth in paragraph "22" of the complaint.

23. Denies the allegations as set forth in paragraph "23" of the complaint.

24. Denies the allegations as set forth in paragraph "24" of the complaint.

25. Denies the allegations as set forth in paragraph "25" of the complaint.

26. Denies the allegations as set forth in paragraph "26" of the complaint.

27. Denies the allegations as set forth in paragraph "27" of the complaint.

28. Denies the allegations as set forth in paragraph "28" of the complaint, except admits that plaintiff was held in custody after his arrest.

29. Denies the allegations as set forth in paragraph "29" of the complaint.

30. Denies the allegations as set forth in paragraph "30" of the complaint.

31. Denies the allegations as set forth in paragraph "31" of the complaint.

32. Denies the allegations as set forth in paragraph "32" of the complaint.

33. Denies the allegations as set forth in paragraph "33" of the complaint.

34. Denies the allegations as set forth in paragraph "34" of the complaint.

35. Denies the allegations as set forth in paragraph "35" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

36. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

37. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

38. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

39. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

40. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

41. Plaintiffs' claims may be barred in whole, or in part, by the applicable limitations period.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

42. Plaintiff provoked the incident.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

43. This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

44. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 12, 2007

        MICHAEL A. CARDOZO
Corporation Counsel, City of New York
Attorney for Defendants
100 Church Street, Room 3-198
New York, New York 10007
(212) 788-1580

By: _____
    Craig Hanlon (CH 5679)
    Assistant Corporation Counsel
    Special Federal Litigation Division

To: Andrew F. Plasse, P.C.
Andrew F. Plasse, Esq.
*Attorney for Plaintiff*
352 7th Avenue, Suite 402
New York, NY 10001

Index No.     07 CV 6389 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL SANTIAGO,

                              Plaintiff,

-against-

THE CITY OF NEW YORK POLICE OFFICER JOSEPH PETRILLO [SHIELD NO. 7669], SGT. "JOHN" MURPHY [Shield No. Unknown] and POLICE OFFICERS JOHN DOES 1 – 4 in their individual and official capacities as Police Officers employed by the City of New York,

                              Defendants.

**DEFENDANTS' ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*

*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Craig Hanlon*

*Tel: (212) 788-1580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................................2007*

*................................................................. Esq.*

*Attorney for City of New York*

7